DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES,**
Petitioner,

v.

**HUGH FRANCIS QUINN, III,**
Respondent.

No. 4D20-2633

[April 14, 2021]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit; Donald Hafele, Howard K. Coates, Jr., and Maxine Cheesman, Judges; L.T. Case No. 50-2020-CA-002888-XXX.

Christie S. Utt, General Counsel, and Mark L. Mason, Assistant General Counsel, of the Office of General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for petitioner.

No appearance for respondent.

PER CURIAM.

*Petition denied.*

CIKLIN and CONNER, JJ., concur.
KUNTZ, J., concurring specially.

KUNTZ, J., concurring specially.

I concur in the denial of the second-tier petition for writ of certiorari. After the police received an anonymous tip, Hugh Francis Quinn, III, was stopped while operating a motor vehicle. He refused to submit to a breath test and the state suspended his license. The circuit court granted his petition for writ of certiorari and quashed the license suspension after it concluded his refusal to submit to the breath test was not incident to a lawful stop and arrest.

After analyzing *Navarette v. California*, 572 U.S. 393 (2014), and focusing on cases predating *Navarette*, the circuit court held that "under the totality of the circumstances . . . the anonymous tip lacked a sufficient indicia of reliability, and, as a result, independent corroboration by law enforcement was necessary to give law enforcement the reasonable suspicion necessary to perform a stop."

In dissent, Judge Coates concluded that this case fits within *Navarette*'s holding. He stated that he "would hold that under the totality of the circumstances, the anonymous caller's tip had a sufficient indicia of reliability as to provide law enforcement with the reasonable suspicion necessary to perform a lawful traffic stop without the need of any independent corroboration."

I agree with Judge Coates. As Justice Scalia explained in his dissent in *Navarette*, Justice Thomas's opinion for the Court in *Navarette* created a "new rule." *Navarette*, 572 U.S. at 405 (Scalia, J., dissenting); *see also Grant v. State*, 139 So. 3d 415, 418 (Fla. 5th DCA 2014) (Orfinger, J., concurring) ("[*Navarette*] may have altered what we previously believed was well settled law governing when law enforcement officers may stop someone based on an anonymous tip."). At a minimum, Judge Coates was correct that the circuit court's majority opinion misapplied the new rule announced in *Navarette* to the facts of this case.

But that is not enough to grant the petition. Our review is restricted and does not allow us to grant a petition for writ of certiorari just because the circuit court incorrectly applied the facts of the case to the law. *See, e.g.*, *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1092 (Fla. 2010) (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 525 (Fla. 1995) ("[A] decision made according to the form of the law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as applied to the facts, is not an illegal or irregular act of proceeding remedial by certiorari.").

If this were a direct appeal, I would reach the same conclusion as Judge Coates and affirm the county court's order. But this is not a direct appeal and our review is limited. So I concur in the court's denial of the second-tier petition for writ of certiorari.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2